Curia, per Fuost, J.
The plaintiff shewed no title to the land. It was not objected, on the trial, that the title of Eliza Bodie was not supported by documentary proof. The plaintiff, in fact, claimed under the title of Eliza Bodie, insisting that the deed from Lithgo to her was a fraud on Holsonback’s creditors, the purchase money of the land having been paid by him, and the conveyance made to Eliza Bodie for his benefit, with the view of placing it beyond the recovery of Randall, for damages in the then pending action of slander. The report states that the whole question turned on the operation of that deed. The case was submitted to the jury, on the proof that Eliza Bodie had paid the purchase money, and under the instruction of the court, that, if Holsonback had paid the purchase money, yet the legal title was in her, and the land not subject to levy and sale under a ji. fa. against Holsonback. The verdict of the jury in favor of Eliza Bodie may be supported on the proof that she paid the purchase money, and cannot be disturbed, unless the instruction of the presiding Judge was erroneous. Besides that, it seems to have been conceded on the trial, that the documentary title was in Eliza Bodie. It was not necessary for her to prove a grant, because the plaintiff, claiming under Holsonback, was estopped by the decree in Equity to deny that the land had been Derrick Holsonback’s. Eliza Bodie was in possession, claiming under this title, and her possession must be referred to the title, independent of the proof that she actually entered under it.
But it is insisted the jury were erroneously instructed *626 on the law. The case of Lowry vs. Pinson, 2 Bail. 324, has no application, because, in that case, the title to the land was in the defendant in execution, and his conveyance to another, by collusion between them, to defeat the recovery of the plaintiff in execution, being avoided for fraud, the title of the defendant was not transferred by the deed. In this case, the title never was in Holsonback, Fraud may avoid a deed, but it is manifest it cannot operate a conveyance of the legal title. The most that can be affirmed is, that if Holsonback paid the purchase money, the legal estate of Eliza Bodie might be charged with a resulting trust for him. But the doctrine of implied or resulting trusts belongs exclusively to the Court of Equity. They cannot be levied .under a ji. fa. nor enforced in this court; Harrison vs. Hollis, 2 N. & McC. 578.
The verdict in favor of Holsonback must also stand. The exclusive legal title in Eliza Bodie vests in her the exclusive legal possession. So far as the rights of the parties in. this action are affected by their co^ habitation, Holsonback lived with Eliza Bodie. He has neither title nor possession, nor the right of possession, and so has not a scintilla juris. A judgment against him would give the plaintiff no right, except to a writ of possession; by which (ex parte Black, 2 Bail. 8,) Eliza Bodie might be ejected, and would present the inconsistency of two judgments on the same issue ; one for the plaintiff, by which he shall have process to turn out the defendant from land, whose title to it is established by the other judgment. If the plaintiff has not the benefit of the estoppel of Holsonback, it is the consequence of his own act in the joinder of Holsonback with Eliza Bodie in the action. The motion is refused.
Richardson, O’Neall and Evans, JJ. concurred.